UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

MICHAEL PEREZ,

Appellant,

v.

LAKE FALLS LLC,

Appellee.

Case No. 2:25-CV-573-GSL

## OPINION AND ORDER

*Background*

Appellant filed a notice of bankruptcy appeal on December 22, 2025, which was entered December 23, 2025. On February 5, 2026, Appellant filed his Opening Brief. [DE 4]. On February 6, 2026, Appellant filed a Motion for Leave to File Supplemental Brief. [DE 5]. On February 11, 2026, Appellant filed a Motion to Declare Void the State Court Petition Filed During Removal and for Stay Pending Appeal. [DE 6]. On February 20, 2026, Appellee responded, [DE 7], and on March 6, 2026, Appellant replied, [DE 8].

*Legal Standard*

Bankruptcy Rule 8013 provides:

> On an appeal the district court or bankruptcy appellate panel may affirm, modify, or reverse a bankruptcy court's judgment, order, or decree or remand with instructions for further proceedings. Findings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses.

Fed. R. Bankr. P. 8013. This rule makes it clear that the court's review of the bankruptcy judge's findings of fact are under the clearly erroneous standard. *United States v. Stowe*, 121 B.R. 549, 551 (1990) (citing *In re Weber*, 892 F.2d 534, 538 (7th Cir. 1989)); *In re Excalibur Automobile*

*Corp.*, 859 F.2d 454, 457 n.3 (7th Cir. 1988); *In re Hilligoss*, 849 F.2d 280, 282 (7th Cir. 1988); *First Wisconsin Nat'l Bank v. Federal Land Bank*, 849 F.2d 284, 286 (7th Cir. 1988).

Under this standard, if the review account of the evidence is plausible in light of the record viewed in its entirety, a reviewing court may not reverse even if convinced that it would have weighed the evidence differently as trier of fact; the factfinder's choice between two permissible views of evidence cannot be clearly erroneous. *Stowe*, 121 B.R. at 551 (citing *Anderson v. City of Bessemer City*, 470 U.S. 564, 573-574, (1985)); *EEOC v. Sears, Roebuck & Co.*, 839 F.2d 302, 309 (7th Cir. 1988). A bankruptcy court's conclusions of law are reviewed de novo on appeal. *Stowe*, 121 B.R. at 551 (citing *In re Newman*, 903 F.2d 1150 (7th Cir. 1990)); *Calder v. Camp Grove State Bank*, 892 F.2d 629 (7th Cir. 1990). The bankruptcy court's conclusions do not bind the district court and are entitled only to such deference as the district court sees fit. *Stowe*, 121 B.R. at 551 (citing *In re Cricker*, 46 Bankr. 229 (N.D. Ind. 1985)); *Rushville Production Credit Ass'n v. Mohr*, 42 Bankr. 1000 (S.D. Ind. 1984); *In re Schaller*, 27 Bankr. 959 (W.D. Wis. 1982).

## *Discussion*

First and foremost, Appellant did not pay the filing fee. [DE 3]. The failure to pay this fee is sufficient grounds to dismiss this appeal. *Triplett v. Gouveia*, 2021 U.S. Dist. LEXIS 15288, at *2 n.1 (N.D. Ind. Jan. 27, 2021). Notwithstanding, Appellant's appeal and related motions have no merit.

The Bankruptcy Rules provide that notice of appeal must be filed with the bankruptcy clerk within 14 days after the judgment, order, or decree to be appealed is entered. Fed. R. Bankr. P. 8002. Appellant filed the notice of bankruptcy appeal on December 22, 2025, which

was entered on December 23, 2025. [DE 1]. Therefore, this Court may only review issues identified by Appellant which were ordered from December 8, 2025 through December 22, 2025.

Appellant's Opening Brief requests reversal of the remand order. [DE 4]. Appellant's Notice of Appeal specifically states he is appealing the remand order issued on November 14, 2025. [DE 1-1, Page 1]. The appeal of this issue is untimely and the Court cannot consider it. *See* Fed. R. Bankr. P. 8002.

Appellant's Motion for Leave to File Supplemental Brief requests permission to file additional briefing on the issue of remand. [DE 5]. As discussed above, the appeal of that issue is untimely, which makes supplemental briefing unnecessary. *See* Fed. R. Bankr. P. 8002. Appellant's Motion for Leave to File Supplemental Brief is DENIED.

Appellant's Motion to Declare Void the State Court Petition Filed During Removal and for Stay Pending Appeal addresses matters separate and distinct from the remand order. [DE 6]. In the "Relief Requested" section, Appellant requests that this Court declare "void ab initio the Verified Petition for an Order Directing the Clerk to Issue a Writ of Assistance filed on November 11, 2025, in Lake Superior Court Cause No. 45D01-2309-TP-001126." [*Id.* at Page 4]. However, in addition to the appeal of this issue being untimely because the order was entered November 11, 2025, *see* Fed. R. Bankr. P. 8002, that relief would also violate the Rooker-Feldman doctrine. The Rooker-Feldman doctrine imposes a jurisdictional bar if "a plaintiff seeks relief from a federal court that would reverse a state court judgment." *Peck v. First Tech. Fed. Credit Union*, 2026 U.S. App. LEXIS 3719, at *2-3 (7th Cir. Feb. 3, 2026) (citing *Gilbank v. Wood Cnty. Dep't of Hum. Servs.*, 111 F. 4th 754, 794 (7th Cir. 2024)) (en banc) (holding set forth in Part I of opinion by Kirsch, J.), cert. denied, 145 S. Ct. 1167 (2025). This means that

3

even if the appeal were timely, the Court would have no jurisdiction to review that state court order.

Appellant also requests that this Court stay "enforcement, and reliance upon, or further proceedings based on that Petition pending final resolution of this appeal and related jurisdictional issues." [*Id.*]. Because the appeal of that issue is untimely, and because the Court cannot review that state court order, the Court has no basis to stay enforcement. The same is true of Appellant's next request, that this Court order "that no party may use or rely upon the November 11, 2025 Petition, or any derivative writ or process, to obtain or retain possession of the subject property during pendency of this appeal." [*Id.*].

*Conclusion*

Appellant's requests for review are either untimely or barred by the Rooker-Feldman doctrine. For these reasons, Appellant's Appeal is DISMISSED; Appellant's Motion for Leave to File Supplemental Brief is DENIED; and Appellant's Motion to Declare Void the State Court Petition Filed During Removal and for a Stay Pending Appeal is also DENIED. The Clerk is DIRECTED to close the case.

SO ORDERED.

ENTERED: July 14, 2026

/s/ GRETCHEN S. LUND
Judge
United States District Court